**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID P. ADAM; LANFORD ADAMI; JAMES P. CALZIA; BELA CSEJTEY, JR.; ALICE S. DAVIS; JAMES L. DRINKWATER; ARTHUR B. FORD; ARTHUR GRANTZ; BARRY F. HIRSHORN; H. MAHADEVA IYER; CHI-YU KING; STEPHEN L. LEWIS; ALLAN G. LINDH; DENNIS M. MANN; A. THOMAS OVENSHINE; BRENT D. TURRIN; CHESTER T. WRUCKE,
    *Plaintiffs-Appellants,*

v.

GAIL NORTON, Secretary of the U.S. Department of the Interior,
    *Defendant-Appellee.*

No. 09-17091

D.C. No.
4:98-cv-02094-CW

OPINION

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted
October 6, 2010—San Francisco, California

Filed March 1, 2011

Before: Stephen Reinhardt and Marsha S. Berzon, Circuit
Judges, and Louis H. Pollak, Senior District Judge.*

---

*The Honorable Louis H. Pollak, Senior District Judge for the U.S. District Court for Eastern Pennsylvania, Philadelphia, sitting by designation.

3008 ADAM v. NORTON

Opinion by Judge Reinhardt

### COUNSEL

Mary Dryovage, San Francisco, California, for the plaintiff-appellants.

Joseph P. Russoniello, United States Attorney, Joann M. Swanson, Assistant United States Attorney, and Steven J. Saltiel, Assistant United States Attorney, San Francisco, California, for defendant-appellee the United States.

### OPINION

REINHARDT, Circuit Judge:

The Back Pay Act waives the government's sovereign immunity from liability for interest on back pay awarded to:

> [a]n employee of an agency who, on the basis of a timely appeal or an administrative determination . . . is found by appropriate authority under applicable law . . . to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the [employee's] pay.

5 U.S.C. §§ 5596(b)(1), (b)(1)(A)(i), (b)(2)(A). This case presents the question whether that explicit waiver of immunity applies to interest on an award of back pay against the federal government for terminating an employee in violation of the Age Discrimination in Employment Act (ADEA). We hold that it does.

### I.

Chester Wrucke and James Calzia were terminated from their positions as scientists for the U.S. Geological Survey

pursuant to a 1995 Reduction in Force. Wrucke and Calzia filed appeals with the Merit Systems Protection Board (MSPB), and after exhausting their administrative remedies filed a timely complaint in the District Court for the Northern District of California in 1998.[1] The district court conducted a bench trial in July 2003. The district court found that Wrucke and Calzia were terminated in violation of the ADEA. After a round of appellate litigation, the details of which are not relevant to the present appeal, the case was remanded to the district court, which entered judgment granting Wrucke and Calzia back pay, as well as pre- and post-judgment interest.

On May 14, 2009, the government filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), asking the court to void the pre- and post-judgment interest under the theory that the ADEA did not expressly waive the federal government's sovereign immunity from interest payments.[2] Wrucke and Calzia, in turn, argued that the Back Pay Act's waiver of federal sovereign immunity from interest for "unjustified or unwarranted personnel action[s]" by the federal government, 5 U.S.C. § 5596(b)(1), (b)(2)(A), provides for pre- and post-judgment interest on meritorious ADEA claims for wrongful termination. The district court sided with the government, holding that the "[Back Pay] Act does not expressly waive

---

[1] The district court dismissed the claims of twelve additional plaintiffs challenging the Reduction in Force, and this court affirmed that denial on appeal. Those twelve plaintiffs are not involved in the present appeal.

[2] Because sovereign immunity is a limitation on the district court's subject-matter jurisdiction, it can be asserted any time prior to final judgment, as "[t]he government may not be equitably barred from asserting jurisdictional requirements." *See Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1253 (9th Cir. 2006); *see also Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment.") (*citing Capron v. Van Noorden*, 2 Cranch 126 (1804)); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007) ("It is well established that the federal government cannot waive sovereign immunity by failing to raise it before the district court.").

immunity for interest on back pay under the ADEA." Calzia and Wrucke now appeal.

## II.

**[1]** In *Library of Congress v. Shaw*, 478 U.S. 310 (1986), the Supreme Court held that under the "no-interest rule," "[i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Id.* at 314. The ADEA's waiver of federal sovereign immunity does not expressly waive the federal government's immunity from awards of interest. *See* 29 U.S.C. § 633a. The Back Pay Act, however, does explicitly waive the government's immunity from interest on back pay awarded for certain types of "unjustified or unwarranted personnel action[s]." 5 U.S.C. § 5596(b)(1), (b)(2)(A). We therefore must determine whether the Back Pay Act's waiver of sovereign immunity from interest on back pay awards against the federal government extends to back pay awarded under the ADEA. We hold that it does.

**[2]** The Back Pay Act was passed in 1966 with the goal of "establish[ing] a single, general, and comprehensive pay adjustment authority to be applied after an erroneous or unwarranted personnel action is corrected." H.R. Rep. No. 89-32, at 1 (1965). It makes back pay, "*payable with interest*," available to:

> An employee of an agency who, on the basis of a timely appeal or an administrative determination . . . is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

5 U.S.C. §§ 5596(b)(1), (b)(1)(A)(i), (b)(2)(A) (emphasis added). By its clear terms, this express waiver of sovereign immunity applies to actions, such as this one, in which an agency employee sues the federal government under substantive anti-discrimination statutes such as the ADEA, alleging that a wrongful personnel action resulted in "the withdrawal or reduction of . . . pay, allowances, or differentials." *Cf. Brown v. Sec'y of the Army*, 918 F.2d 214, 216 (D.C. Cir. 1990) ("[W]e find in [the Back Pay Act's] text no hint of an exclusion of, or exemption for, federal sector Title VII adjudications."). In so finding, we join with three other circuits that have concluded that the Back Pay Act's waiver of immunity from interest awards applies to a federal employee's termination or reduction in pay in violation of substantive anti-discrimination statutes. *See, e.g.*, *Woolf v. Bowles*, 57 F.3d 407, 410-11 (4th Cir. 1995); *Edwards v. Lujan*, 40 F.3d 1152, 1154 (10th Cir. 1994); *Brown*, 918 F.2d at 217-218.

Our conclusion is compelled by the Back Pay Act's text. The Act waives federal sovereign immunity for both back pay and interest, when: 1) the plaintiff is an employee of an agency; 2) the plaintiff makes a "timely appeal" or obtains "an administrative determination" regarding such a personnel action; 3) the plaintiff obtains a favorable ruling "under an applicable law, rule, regulation, or collective bargaining agreement" from an "appropriate authority" stating that the plaintiff has been "affected by an unjustified or unwarranted personnel action"; and 4) the unjustified personnel action resulted in a "withdrawal or reduction" of the plaintiff's pay, allowances, or differentials. *See* 5 U.S.C. § 5596(b)(1).

**[3]** Here, plaintiffs, who served as scientists for the U.S. Geological Survey, were clearly "employee[s] of an agency." 5 U.S.C. § 5596(b)(1).**³** Plaintiffs also filed a "timely appeal"

---

**³***See also* 5 C.F.R. § 550.803 ("When the term employee is used to describe an individual who is making a back pay claim, it also may mean a former employee.").

as defined by the Office of Personnel Management regulations that interpret the Act. Those regulations state that the requirement for a timely appeal is met when:

> An employee or an employee's personal representative initiates an appeal or grievance under *an appeal or grievance system*, including appeal or grievance procedures included in a collective bargaining agreement; a claim against the Government of the United States; *a discrimination complaint*; or an unfair labor practice charge

and "an appropriate authority accepts that appeal, grievance, claim, complaint, or charge as timely filed." 5 C.F.R. § 550.804 (b)(1)-(2) (emphasis added). Here, plaintiffs initiated "an appeal or grievance under an appeal or grievance system" by filing an appeal of their termination with the Merit Systems Protection Board (MSPB), which recognized the appeal as timely filed. Moreover, plaintiffs' suit in the district court, which was likewise recognized as timely filed, involved both "a claim against the Government of the United States" and "a discrimination complaint." 5 C.F.R. § 550.804(b)(1). Thus, both the plaintiffs' MSPB appeal and their district court action satisfy the Back Pay Act's requirement for a "timely appeal."

**[4]** Furthermore, the district court that rendered judgment for the plaintiffs in this case was, without question, an "appropriate authority" to make a finding of wrongful termination in this case. Though the statute's language is quite clear even without reference to the OPM's interpretation, the agency's Back Pay Act regulations confirm this straightforward conclusion, defining an "appropriate authority" as "an entity having authority in the case at hand to correct or direct the correction of an unjustified or unwarranted personnel action, including . . . a court." 5 C.F.R. § 550.803.[4] It is quite clear that the

---

[4]The government argues that a court cannot serve as an "appropriate authority" under the Back Pay Act, notwithstanding § 550.803's explicit

Back Pay Act's reference to an "unjustified or unwarranted personnel action" on its face encompasses a termination that violates the ADEA, and, again, the OPM regulations confirm this most reasonable reading of the statute:

> Unjustified or unwarranted personnel action means an *act of commission* or an act of omission . . . that an appropriate authority subsequently determines, on the basis of *substantive or procedural defects*, to have been *unjustified or unwarranted under applicable law*, Executive order, rule, regulation, or mandatory personnel policy established by an agency or through a collective bargaining agreement. Such actions include personnel actions and pay actions (alone or in combination).

5 C.F.R. § 550.803 (emphasis added). Thus, an appropriate authority found that an act of commission (plaintiffs' termination) was unjustified by virtue of substantive violation of plaintiffs' rights (age discrimination) under applicable law

---

statement to the contrary. It does so on the basis of an unexplained citation to a Court of Claims case, *Bell v. United States*, 23 Cl. Ct. 73, 76 (1991). *Bell* did not arise under the Back Pay Act and does not hold that a court is not an appropriate authority under the Back Pay Act. Indeed, *Bell*'s only possible relevance to this case is that it refers to the Supreme Court's holding in *United States v. Fausto*, 484 U.S. 439 (1988), that under the Civil Service Reform Act of 1978, "nonpreference members of the excepted service" cannot obtain judicial review under the Back Pay Act for certain categories of personnel actions, such as actions "based on unacceptable job performance." *Id.* at 445. But the Supreme Court's holding in *Fausto* was limited to specific categories of civil service claims brought by specific categories of government employees, and does not entail a conclusion that a court is not an "appropriate authority" under the Back Pay Act. *See id.* at 455 ("[The CSRA's] deliberate exclusion of employees *in respondent's service category* from the provisions establishing administrative and judicial review for *personnel action of the sort at issue here* prevents respondent from seeking review in the Claims Court under the Back Pay Act.") (emphasis added).

(the ADEA). Finally, plaintiffs' termination indisputably led to a "withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee."

**[5]** Moreover, the ADEA is without question an "applicable law" for purposes of the Back Pay Act. The OPM's regulations do not define "applicable law," nor is the meaning of "applicable" otherwise obvious from the text of the statute. However, the House committee report for the Back Pay Act states that the phrase "applicable law" is intended "to cover those laws and regulations, *now or hereafter in effect*, which provide the *basis for operations* under the Government personnel systems." H.R. Rep. No. 89-32, at 4 (1965) (emphasis added). The ADEA provides precisely such a basis for federal personnel operations by barring a wide range of federal employers, including all "executive agencies," from carrying out personnel actions that discriminate against employees over the age of 40. *See* 29 U.S.C. § 633a. Such a broad and mandatory proscription, which governs all personnel actions undertaken by federal executive agencies, plainly provides a "basis for operation under the [federal] Government personnel system." Any doubt as to the ADEA's central role in the federal personnel system is dispelled by the statute's treatment in the Civil Service Reform Act (CSRA) of 1978, which "established a comprehensive system for reviewing personnel action taken against federal employees." *Fausto*, 484 U.S. at 455. The CSRA created an elaborate procedure for the vindication of civil servants' ADEA claims, including a requirement that federal agencies resolve ADEA claims, a requirement that agency decisions be appealable to the Merit Systems Protection Board, and a provision for judicial review. *See* 5 U.S.C. § 7702(a). By explicitly providing for resolution of ADEA claims as part of its comprehensive "framework for evaluating adverse personnel actions against [federal employees]," *Fausto*, 484 U.S. at 443, the CSRA confirms that the ADEA's ban of age discrimination is a basic civil service protection, and precisely the sort of "applicable law" that Congress contemplated in adopting the Back Pay Act's waiver of sovereign

immunity. Thus, one need not look any further than the text of the Back Pay Act to recognize that the Act waives the federal government's immunity from liability for interest in cases such as this one. Calzia and Wrucke were "employee[s] of an agency who, on the basis of a timely appeal [their district court action] . . . [were] found by appropriate authority [the district court] under applicable law [the ADEA] . . . to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal . . . of all or part of" their pay. 5 U.S.C. § 5596(b)(1). All of the Back Pay Act's conditions for a waiver of sovereign immunity on interest are clearly satisfied in this case, and Calzia and Wrucke are accordingly entitled to interest on the award of back pay they secured in the district court.

### III.

The government's arguments to the contrary are wholly unpersuasive. That the ADEA itself does not waive the government's sovereign immunity from interest is irrelevant. The Back Pay Act was intended to provide "a more *uniform* and equitable basis" for awards of back pay to federal employees. H.R. Rep. No. 89-32, at 1 (1965) (emphasis added). Reflecting the goal of uniformity in back pay awards, the Act's waiver of immunity expressly extends to cases in which a personnel action is found to be unwarranted under "applicable law, rule, regulation, or collective bargaining agreement." 5 U.S.C. § 5596(b)(1). This language clearly does not contemplate that the Back Pay Act's waiver of immunity applies only to laws, rules, regulations, or collective bargaining agreements that contain their own separate waiver of sovereign immunity. The Act's text does not hint at such a limitation, and reading such a limitation into the Act would result in a fragmented back pay scheme completely at odds with the Act's purpose of establishing "a single, general, and comprehensive pay adjustment authority to be applied after an erroneous or unwarranted personnel action is corrected." H.R. Rep. No. 89-32, at 1 (1965).

We disagree with the Eighth Circuit's holding that, under the no-interest rule, "to provide the sovereign immunity waiver [for interest] absent in Title VII, the separate statute must, at a minimum, unequivocally express Congress's intent to waive sovereign immunity under Title VII." *Arneson v. Callahan*, 128 F.3d 1243, 1246 (8th Cir. 1997). The Eighth Circuit's approach, which directly conflicts with that of the D.C. Circuit as well as that of the Fourth and Tenth Circuits, would render impracticable Congress's goal of creating a single uniform system for civil servant back pay awards, as it would require the Back Pay Act to be constantly amended to explicitly reference each new substantive employment statute enacted by Congress. We see no reason why the no-interest rule requires such a result, as that rule merely requires that the federal government's waiver of immunity from an award of interest be express—not that the waiver must specifically mention every statute to which it may conceivably apply. *See Library of Congress v. Shaw*, 478 U.S. 310, 311 (1986). There is no logical reason why the rule should bar Congress from adopting a general waiver of immunity from an award of interest, so long as it does so in express terms, as it did in the Back Pay Act.

**[6]** For similar reasons, it is not relevant that plaintiffs did not bring an action under the Back Pay Act itself. As the District of Columbia Circuit has explained, "the Back Pay Act is an *auxiliary measure*" in relation to substantive antidiscrimination statutes such as the ADEA. *Mitchell*, 918 F.2d at 217 (emphasis added).[5] Just as civil rights plaintiffs need not bring suit under 42 U.S.C. § 1988 in order to collect attorney's fees from the government under that provision, a

---

[5]This is not to say that the Back Pay Act will always serve only as an auxiliary measure: where a finding of an unwarranted personnel action is based upon an agency regulation or other legal rule which does not itself create a federal cause of action, the Back Pay Act may provide a cause of action for the recovery of back pay in federal court. *See, e.g.*, *Fausto*, 484 U.S. at 442.

ADAM v. NORTON               3019

federal employee suing the government for violation of a substantive antidiscrimination statute need not bring suit under the Back Pay Act in order to receive back pay and interest from the United States. Where a federal employee brings an action under an "applicable law" that itself provides a federal cause of action and waives the government's immunity from suit, the operation of the Back Pay Act's waiver of interest turns not on whether the suit is brought under the Back Pay Act, but rather on whether the express terms of the Back Pay Act are satisfied, as they clearly are in this case.

The government poses the question of why, if the Back Pay Act (which was enacted in 1966) were intended to waive immunity in suits brought under substantive anti-discrimination statutes, Congress found it necessary to amend Title VII in 1972 to permit discrimination suits against the federal government, and why it found it necessary to again amend Title VII in 1991 to allow for awards of interest. The government's argument regarding the 1972 amendments to Title VII confuses the issue of the government's substantive liability for violations of Title VII with the question of its liability for interest once such a violation has been found. The Back Pay Act does not waive the government's sovereign immunity *from suit* under statutes such as the ADEA or Title VII; it merely waives the government's immunity from certain remedies where the government has already waived its immunity from suit. Because the Act operates only where the government has already waived its immunity from suit, it did not obviate the need for Congress to expressly waive the government's immunity from suit for violations on its part of Title VII's anti-discrimination provisions.

Likewise, Congress's decision to amend Title VII in 1991 to allow for awards of interest followed shortly after the D.C. Circuit's 1990 decision in *Brown v. Mitchell*, 918 F.2d 214. *Brown* held that although the Back Pay Act applies to Title VII suits, because the Act is limited to personnel actions resulting in a "withdrawal or reduction of all or part of the

[employee's] pay," its remedies were unavailable to plaintiffs who sued under Title VII not regarding a reduction in pay, but rather regarding wrongfully withheld promotions. *Id.* at 220; *see also United States v. Testan*, 424 U.S. 392, 406 (1976) (holding that Back Pay Act does not provide a remedy for misclassified federal employees). Congress's 1991 amendments to the Civil Rights Act allowed Title VII plaintiffs to obtain interest even in cases, such as denials of promotion, not involving such a "withdrawal or reduction" of an employee's pay. As such, the 1991 amendments expanded upon the interest waiver of the Back Pay Act, and would not be rendered superfluous, as the government suggests, by a reading of that Act, such as the D.C. Circuit had just given it.

## IV.

**[7]** The "government offers no convincing reason why the Back Pay Act does not supply the immunity waiver prescription absent in" the ADEA. *Brown*, 918 F.2d at 216. Our conclusion that the Back Pay Act does, in fact, provide such a waiver, is the only one available to us in light of the Act's clear and unequivocal language, as well as Congress's clear intent that the Act define a uniform remedial scheme for all awards of back pay against the federal government. Calzia and Wrucke are accordingly entitled to an award of interest in addition to the back pay already awarded to them by the district court.

**REVERSED and REMANDED.**